**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUL 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated, | Nos. 17-55082 17-55318 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07741-R-FFM |
| v. | |
| ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 5, 2018
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and BENNETT,** District Judge.

Appellant Juan Perez was a delivery driver for Appellee Alta-Dena Certified

Dairy, L.L.C., from approximately 2005 to 2013. Perez alleges that, from 2008 to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

2011, Alta-Dena violated state wage-and-hour laws by subjecting him and the members of a putative class to a route-restriction policy/practice, a non-compliant meal and rest break policy/practice, and a policy/practice of "auto-deducting" for meal breaks whether or not drivers took those breaks. The district court denied Perez's motion to certify a class and later granted summary judgment on his individual claims. Perez appeals both rulings.

1.    We review a district court's class certification decision for abuse of discretion. *Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623, 629 (9th Cir. 2018). We conclude that the district court abused its discretion in denying class certification under Rule 23(b)(3) for lack of "predominance" of common class issues over individual ones. *Id*. at 635 (explaining the "predominance" requirement).

As to Perez's meal break timing theory, at least three common issues predominate over individual issues: (1) whether Alta-Dena's written policy was unlawful on its face; (2) whether supervisors permitted timely breaks; and (3) whether Alta Dena's route scheduling made timely breaks unavailable in practice. The district court erred by focusing on the drivers' actions and preferences, because the critical questions turn on what Alta-Dena did or did not do.

The same is true of Perez's route restriction theory. Under this theory, two key questions are common to the claims of all putative class members: (1) what, if anything, did Alta Dena's route restriction policy require of the drivers; and (2) did

the policy vitiate Alta-Dena's ostensible relinquishment of control during meal times? *See Brinker Rest. Corp. v. Super. Ct.*, 273 P.3d 513, 536–37 (Cal. 2012). The district court's focus on individual questions, such as whether some drivers preferred to eat in their trucks, was misplaced; if Alta-Dena never sufficiently relinquished control of its drivers, the drivers' individual preferences regarding things like where they ate lunch, and why, would be ancillary issues.

Perez's auto-deduction theory is derivative of the route restriction theory, as the district court correctly recognized. Because we conclude that the route restriction theory satisfies Rule 23(b)(3)'s predominance requirement, we conclude that the auto-deduction theory does also. Although individual damages calculations will invariably be required, they do not defeat a finding of predominance. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–14 (9th Cir. 2013).

In sum, the district court erred with respect to Perez's meal break timing theory and his route restriction theory because the district court focused on largely irrelevant factors to the exclusion of the critical ones. *Sali*, 889 F.3d at 629, 637-38. The district court also erred with respect to Perez's derivative auto-deduction theory. We express no view on whether any of Perez's proposed subclasses ultimately should be certified; we hold only that the district erred in its assessment of predominance.

**2.**     We review de novo a district court's grant of summary judgment. *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018).  We agree with the district court that Perez did not present a calculation of his damages.[1]  Contrary to Perez's contention, calculation of his damages from "raw" time and pay records required more than "simple math."  We cannot assume that time records showing no breaks meant that Perez took no breaks, where the undisputed evidence was that the XATA system did not always permit drivers to record breaks and drivers sometimes forgot to record them.  Summary judgment was appropriate on Perez's individual claims.  *Sierra Med. Servs. All.*, 883 F.3d at 1222 (summary judgment standard).

**3.**     The district court did not have an opportunity to address whether the putative class action can proceed after summary judgment against Perez, and we decline Alta-Dena's invitation to reach the question in the first instance.  Alta-Dena may renew its argument on remand.

**4.**     Perez argues that, if this case is remanded, it should be reassigned to a different district judge.  We disagree.  This is not a case involving such "unusual circumstances" or the need to "preserve the interests of justice" by reassigning it to a different district judge on remand.  *United States v. Wells*, 879 F.3d 900, 938 (9th

---

[1]     We also agree that the district court did not abuse its discretion in denying Perez's request for leave to file a sur-reply.  *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (standard of review).

Cir. 2018). None of the district judge's decisions are so unexplainable as to suggest actual bias or seriously call into question the appearance of justice. *Id*. Furthermore, reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *Id*.

The parties shall bear their own costs on appeal.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**